**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails,<br><br>        Plaintiff,<br><br>v.<br><br>Melodi Guilbault,<br><br>        Defendant. | No. CV-22-00489-PHX-DGC<br><br>**ORDER** |

Plaintiff Angela Nails has filed a *pro se* first amended complaint ("FAC"). Doc. 6. The Court previously granted Plaintiff's application to proceed in forma pauperis ("IFP"), dismissed her complaint for failure to state a claim for relief, and granted leave to amend. Doc. 5. Because the FAC fails to state a claim for relief, it will be dismissed. The Court will grant Plaintiff leave to amend for a second time.

**I.      Screening of Complaints.**

In IFP proceedings, a district court must dismiss the case at any time if the court determines that the action is frivolous, malicious, or fails to state a plausible claim for relief. 28 U.S.C. § 1915(e)(2). A district court dismissing under § 1915(e)(2) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc) (citations omitted).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez*, 203 F.3d at 1127-29.

## II.  Plaintiff's Amended Complaint.

Plaintiff's original complaint concerned Defendant's grading practices in a doctoral-level dissertation course at Northcentral University.  Doc. 1.[1]  The Court dismissed the complaint on April 4, 2022, finding that Plaintiff had failed to state a claim for relief and had not adequately pled a basis for federal jurisdiction.  Doc. 5.

Plaintiff filed the FAC on May 2, 2022.  Doc. 6.  Plaintiff complains that Defendant, as instructor of the doctoral dissertation course, was dishonest about grading policies and failed to follow Northcentral University's policies.  *See id.*  Plaintiff appears to assert four claims arising out of Defendant's conduct: a constitutional claim for the

---

[1] While the FAC refers to "North Central University," it was apparent in the original complaint that Plaintiff was in fact referring to Northcentral University because the address she provided for Defendant Melodi Guilbault was the address of Northcentral University's service center.  *Compare* Doc. 1 at 5, *with Contact*, Northcentral University, https://www.ncu.edu/contact#gref.  The FAC does not repeat this address, but continues to assert that "Defendant should be serve[d] with the Summon[s] and Complaint at the address in the Plaintiff['s] original complaint."  Doc. 6 at 6.  The Court thus continues to assume that "North Central University" refers to Northcentral University, an online university with "administrative and legal headquarters" in San Diego, California.  *See Contact*, *supra*.  Plaintiff is reminded, however, that amended complaints are not to incorporate prior complaints by reference.  *See* Doc. 5 at 4.

deprivation of Plaintiff's right to receive an education, two contract claims, and a negligence claim for Defendant's alleged failure to protect Plaintiff's academic progress. *Id.* at 5-6.

### III. Failure to State a Claim.

#### A. Constitutional Claim.

Plaintiff asserts that Defendant's grading practices deprived her of her "right under the Constitution to receive an education." Doc. 6 at 5. While she does not reference 42 U.S.C. § 1983 (the procedural vehicle through which plaintiffs may assert claims for the violation of their federal constitutional rights), the Court will construe her claim as one brought under that provision.[2]

To state a § 1983 claim, a plaintiff must allege (1) the violation of a constitutional right (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff fails to allege any of these requirements.

First, Plaintiff has not identified a constitutional right. "[T]here is no federally recognized constitutional right to an education." *Mays ex rel. P.P. v. Clark Cnty. Sch. Dist.*, No. 2:21-cv-00476-GMN-BNW, 2022 WL 943173, at *2 (D. Nev. Mar. 27, 2022) (citing *Plyler v. Doe*, 457 U.S. 202, 221 (1982); *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 880 (9th Cir. 2011); *S.B. v. Cal. Dep't of Educ.*, 327 F. Supp. 3d 1218, 1251 (E.D. Cal. Aug. 27, 2018)). When a state creates an entitlement or other property interest in education, Fourteenth Amendment procedural due process protections may apply. *Goss v. Lopez*, 419 U.S. 565, 573-75 (1975) (Ohio statute guaranteeing free education to all children aged six to twenty-one created property right in education). But the Court is unaware of any legal authority, and Plaintiff has identified none, which would give her a property interest in doctorate-level education.

---

[2] The Court notes that Plaintiff's assertion of a claim under § 1983 establishes federal question jurisdiction, resolving the original complaint's deficient pleading of diversity jurisdiction. If Plaintiff's second amended complaint asserts only state law claims, however, she will still need to adequately plead diversity jurisdiction.

Second, even if Plaintiff had established a constitutional right, she has not shown any violation of it. "Cases discussing the denial of a constitutional right to education are based on situations where students were directly disciplined by the school, such as being expelled or suspended, without the student's prior consent." *Constancia v. L.A. Unified Sch. Dist.*, No. 2:17-cv-04804-SVW-SK, 2018 WL 6137154, at *6 (C.D. Cal. Sept. 17, 2018). Plaintiff has not specified which actions of Defendant allegedly violated her rights. It is not clear whether Plaintiff failed Defendant's course, let alone whether she was suspended or expelled – the types of actions that could give rise to a constitutional deprivation.

Finally, and fundamentally, Plaintiff has not alleged that Defendant acted under color of state law. A defendant acts under color of state law when she "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49. Because of this requirement, "§ 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "State action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Northcentral University is a private university. *About NCU*, Northcentral University, https://www.ncu.edu/about-ncu. The university and its employees are private parties. Plaintiff does not explain how Defendant's actions constitute state actions as required for a claim under § 1983.

**B.    Contract Claims.**

Plaintiff asserts two claims which appear to be based in contract. The first alleges that Defendant failed to read the "contract of the rule and policies agreement between the Defendant and [Northcentral] University," which "expects as a progress level of student

- 4 -

1 but when an instructor is not being and honesty with a student." Doc. 6 at 5. The second
2 alleges that Defendant "failed to read the [Northcentral] University contract agreement
3 when the instructor fails to follow the [Northcentral] University guidelines and progress
4 standards for [Northcentral] University academic progress for a student[.]" *Id.* at 6.

To state a breach of contract claim, a plaintiff must allege facts showing the existence of an agreement, a breach thereof, and a right to recover damages. *City of Tucson v. Superior Court*, 569 P.2d 264, 266 (Ariz. Ct. App. 1977). "'[A]s a general rule only the parties and privies to a contract may enforce it.'" *Lofts at Fillmore Condo. Ass'n v. Reliance Com. Const., Inc.*, 190 P.3d 733, 734 (Ariz. 2008) (quoting *Treadway v. W. Cotton Oil & Ginning Co.*, 10 P.2d 371, 375 (Ariz. 1932)). In some circumstances, a third party may enforce a contract. But "[i]n order to allege the right to recover as a third-party beneficiary, a complaint must include a factual allegation that the parties intended to directly benefit the plaintiff, and so indicated in the contract itself." *Reed v. Corizon, LLC*, No. 2 CA-CV 2016-0184, 2017 WL 4350753, at *2 (Ariz. Ct. App. Oct. 2, 2017) (citing *Norton v. First Fed. Sav.*, 624 P.2d 854, 856 (1981)). "[I]t is not enough that the contract may operate to [her] benefit but it must appear that the parties intended to recognize [her] as the *primary* party in interest and as privy to the promise." *Sherman v. First Am. Title Ins. Co.*, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002) (quoting *Basurto v. Utah Constr. & Mining Co.*, 485 P.2d 859, 863 (Ariz. Ct. App. 1971)).

Plaintiff's claims describe contracts between Defendant and Northcentral University. Doc. 6 at 5-6. She does not allege breach of a contract to which she is a party. Nor does she assert that the alleged contracts indicate that Defendant and Northcentral University intended to directly and specifically benefit Plaintiff as a third party beneficiary. Plaintiff has not pled plausible breach of contract claims.

**C.      Negligence.**

Plaintiff alleges that Defendant was negligent for failing to protect her academic progress. Doc. 6 at 6. She cites *Furek v. University of Delaware*, 594 A.2d 506 (Del. 1991), in support of her claim.

To assert a claim for negligence, a plaintiff must allege (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (en banc). Although Plaintiff does not specifically allege as much, the Court infers from her complaint that Defendant was the instructor in a course in which Plaintiff was enrolled. *See*, *e.g.*, Doc. 6 at 2-3 (describing communications where "Defendant" and "instructor" are used interchangeably). Arizona law recognizes that the student-teacher relationship gives rise to a duty of ordinary care, which "includes the duty not to subject . . . students, through acts, omissions, or school policy, to a foreseeable and unreasonable risk of harm." *Delbridge v. Maricopa Cnty. Cmty. Coll. Dist.*, 893 P.2d 55, 58 (Ariz. Ct. App. 1994). Plaintiff does not, however, state how Defendant's actions exposed her to a foreseeable and unreasonable risk of harm or caused her injury. Nor does she explain what actual damages Defendant's conduct caused. Plaintiff has not pled a plausible claim for negligence.

*Furek v. University of Delaware* is not helpful to Plaintiff. In *Furek*, the plaintiff brought claims against a local fraternity, national fraternity, fraternity member, and university arising out of a hazing incident during which the fraternity member poured lye-based oven cleaner over his head and neck, leading to first- and second-degree chemical burns. 594 A.2d at 510-11. The plaintiff claimed that the university had caused his injuries by its negligent and reckless failure to control the local fraternity chapter. *Id.* at 511. The Delaware Supreme Court held that the university had a duty "to use reasonable care to protect resident students against the dangerous acts of third parties . . . . where there is direct university involvement in, and knowledge of, certain dangerous practices of its students[.]" *Id.* at 519-20. The court found that the university knew that dangerous hazing was taking place on its campus and, through repeated communications to students and fraternities emphasizing its policy of discipline for hazing infractions, had assumed a duty to protect its students from hazing. *Id.* at 520.

Even if Delaware law applied in this case (it likely does not), Plaintiff's claims are not similar to those asserted in *Furek*. This case does not involve claims against a university (Plaintiff does not sue Northcentral University), nor does it seek liability for the dangerous acts of a third party (Plaintiff complains of her instructor's conduct and sues her personally). *Furek* is therefore inapplicable.

**IV.   Leave to Amend.**

By **July 13, 2022**, Plaintiff may file a second amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint or the FAC by reference. The Court reminds Plaintiff that her pleadings must be set forth in separate, numbered paragraphs.

A second amended complaint supersedes the original complaint and FAC. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint and the FAC as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint or the FAC is waived if it is not raised in a second amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**V.   Warnings.**

   **A.   Address Changes.**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Possible Dismissal.**

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil

- 7 -

Procedure 41(b). *See Ferdik*, 963 F.2d at 1260-61(holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply with a court order).

        **C.**     **Plaintiff Must Become Familiar With the Rules.**

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate, discrete, and numbered paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**IT IS ORDERED**:

1. The FAC (Doc. 6) is **dismissed** without prejudice for failure to state a claim.

2. Plaintiff is granted leave to amend her complaint. Plaintiff shall file her second amended complaint by **July 13, 2022**, in compliance with this Order.

3. If Plaintiff fails to file an amended complaint by **July 13, 2022**, the Clerk of Court must, without further order of the Court, enter a judgment of dismissal of this action with prejudice and deny any pending unrelated motions as moot.

Dated this 14th day of June, 2022.

*David G. Campbell*
David G. Campbell
Senior United States District Judge