WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Nails, | No. CV-22-00489-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Melodi Guilbault, | |
| Defendant. | |

Plaintiff Angela Nails has appealed the Court's dismissal of her complaint without prejudice (Doc. 7) and the Clerk's judgment dismissing her action with prejudice (Doc. 8). Doc. 9. The Ninth Circuit referred the matter to the Court "for the limited purpose of determining whether in forma pauperis [("IFP")] status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Doc. 11.

**I.      Background.**

Plaintiff filed suit against the instructor of a doctoral-level dissertation course at Northcentral University. Doc. 7 at 2. The Court granted Plaintiff IFP status, dismissed her original complaint for failure to state a claim for relief and for failing to adequately plead a basis for federal jurisdiction, and granted her leave to file a first amended complaint ("FAC"). *Id.* Plaintiff filed an FAC. In a June 14, 2022 order, the Court screened Plaintiff's FAC and found that it failed to state a claim for relief. *Id.* at 8.

The FAC asserted four claims: a constitutional claim for the deprivation of Plaintiff's right to receive an education, two contract claims, and a negligence claim for Defendant's alleged failure to protect Plaintiff's academic progress. Doc. 6 at 5-6. The Court found that Plaintiff failed to state a constitutional claim for several reasons: (1) there is no federally recognized right to an education and Plaintiff did not cite any legal authority suggesting the state had created an entitlement or other property interest in doctorate-level education to which Fourteenth Amendment procedural due process protections might apply; (2) even if she had established a constitutional right, she had not shown what action Defendant took that allegedly violated that right; and (3) Plaintiff did not allege any action taken under color of state law because Northcentral University and its employees are private parties. Doc. 7 at 3-4. The Court found that Plaintiff's contract claims failed to state a plausible claim for relief because the claims relied on alleged contracts to which she was not a party or a third-party beneficiary. *Id.* at 5. The Court held that Plaintiff did not state a negligence claim because, although she may have plausibly alleged that Defendant owed a duty of ordinary care to her by virtue of their student-teacher relationship, she did not state how Defendant's alleged actions exposed her to a foreseeable and unreasonable risk of harm or caused her any injury. *Id.* at 6.

The Court dismissed Plaintiff's FAC without prejudice and granted Plaintiff leave to amend for a second time. *Id.* at 8. The Court ordered Plaintiff to file her second amended complaint by July 13, 2022, and warned her that if she failed to do so, the action would be dismissed with prejudice without any further order of the Court. *Id.* Plaintiff did not file a second amended complaint. A Clerk's judgment was entered dismissing the action with prejudice on July 27. Doc. 8. Plaintiff filed a notice of appeal on August 5. Doc. 9.

**II.   Discussion.**

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim.  *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  The term "frivolous," as used in § 1915, "embraces not only the inarguable

legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's appeal of the Court's order dismissing her FAC without prejudice and the Clerk's judgment dismissing her action with prejudice raises no non-frivolous issue or claim. Plaintiff cannot state a constitutional claim under § 1983 without alleging state action or the violation of a recognized constitutional right. *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Plyler v. Doe*, 457 U.S. 202, 221 (1982) ("Public education is not a 'right' granted to individuals by the Constitution."). Nor can Plaintiff state a breach of contract claim where she does not allege that she is a party or third-party beneficiary to the contract. *Lofts at Fillmore Condo. Ass'n v. Reliance Com. Const., Inc.*, 190 P.3d 733, 734 (Ariz. 2008) ("[A]s a general rule only the parties and privies to a contract may enforce it.") (quoting *Treadway v. W. Cotton Oil & Ginning Co.*, 10 P.2d 371, 375 (Ariz. 1932)); *Norton v. First Fed. Sav.*, 624 P.2d 854, 856 (Ariz. 1981) ("The Arizona rule is that in order for a person to recover as a third-party beneficiary of a contract, an intention to benefit that person must be indicated in the contract itself, . . . . [t]he contemplated benefit must be both intentional and direct, and it must definitely appear that the parties intend to recognize the third party as the primary party in interest.") (internal quotations and citations omitted). Plaintiff also cannot state a negligence claim without alleging actions constituting a breach of the applicable standard of care, resultant injuries, or damages. *Gipson v. Kasey*, 214 P.3d 228, 230 (Ariz. 2007) (en banc) ("To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.").

Plaintiff's FAC did not conform to these standards and the Court reached the inarguable legal conclusion that it must be dismissed. The Court gave Plaintiff a reasonable

time to amend her complaint for a second time to cure the deficiencies. Doc. 7 at 8. The Court made clear that her case would be dismissed without further order if she failed to amend. *Id.* Plaintiff decided not to amend her complaint, and her case was dismissed with prejudice. Doc. 8.

Based on the record before it, the Court finds that any appeal taken from its June 14, 2022 order dismissing Plaintiff's action without prejudice, (Doc. 7) and the Clerk's judgment dismissing her action with prejudice (Doc. 8), is frivolous.

**IT IS ORDERED** that Plaintiff's IFP status is **revoked**.

Dated this 16th day of August, 2022.

David G. Campbell
Senior United States District Judge